

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. Earl Hutchings
County Auditor
Young County
Graham, Texas

Dear Sir:

Opinion No. O-6599

Re: Young County cannot legally
pay the sheriff or his deputy
mileage or expense of attend-
ing an F. B. I. school held
in another county, or pay the
expense of the deputies of
the Tax Assessor-Collector
qualifying as notaries pub-
lic.

We are in receipt of your letters of May 21, 1945,
requesting the opinion of this department on the follow-
ing questions:

"1. Can the county legally allow the sheriff
.04 per mile on his car to attend a school
conducted by the F. B. I. at Wichita Falls?

2. Can the county allow the expenses of the
Sheriff to attend such school?

"3. Can the county allow a Deputy Sheriff the
mileage or expense of attending such school
conducted by, or under the supervision of
the F. B. I.?

"4. Can the expense of the Deputies of the Tax
Assessor-Collector qualifying as Notaries
be charged as expense of office?"

Honorable G. Earl Hutchings,   page 2

It is stated in Texas Jurisprudence, Vol. 11, pages 563-4-5, as follows:

"Counties, being component parts of the state, have no power or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from these statutes must come all the authority vested in the counties. . . .

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that said powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the state."

Subsection (b) of Article 3899, Vernon's Annotated Civil Statutes, is in part as follows:

". . .Where the automobile or automobiles are owned by the Sheriff or his deputies, they shall be allowed four (4) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation, and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work.. . ."

The county officials of Young County are compensated on an annual salary basis, and the foregoing provision of Subsection (b), Art. 3899 is applicable to said county. Said Subsection (b) of Art. 3899 also authorizes each officer named

Honorable G. Earl Hutchings, page 3

in the Act, where he receives a salary as compensation for his services, to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, and such expenses are to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses.

This department held in Opinion No. 0-5003 that county funds could not be expended for the payment of the sheriff's expenses in going to and from a school in Washington, D. C., sponsoring certain phases of law enforcement.

In Opinion No. 0-5382 this department held that the Commissioners' Court of Smith County did not have legal authority to expend county funds to cover costs of qualifying county employees as notaries public. We enclose copies of the above mentioned opinions for your convenience.

Subsection (b), Art. 3899, does not authorize the payment of expenses incurred by the sheriff or his deputies in attending a school conducted by the F. B. I. out of county funds. There is no statute authorizing the expenditure of county funds to cover costs of qualifying deputies of the Tax Assessor-Collector as notaries public. It is our opinion that all of the questions stated above should be answered in the negative, and they are so answered.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

APPROVED MAY 24, 1945

ATTORNEY GENERAL OF TEXAS

AW:LJ
encls.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN